IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONTE R. WILLIAMS     *
          Plaintiff,
    v.     *    CIVIL ACTION NO. RDB-12-3050

LAW OFFICE OF JOHN W. CONRAD III,   *
  LLC
JOHN W. CONRAD III     *
GINA NOGLE
          Defendants.     *
                             ***

**MEMORANDUM OPINION**

      This self-represented complaint invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331.  The facts referenced in the case relate to an attorney-client relationship between Plaintiff, a resident of Baltimore, Maryland,[1] and Defendants, an attorney, a Towson, Maryland law firm, and an employee of that law firm.  Plaintiff seemingly claims that Defendants breached a fiduciary duty to him when representing him in a motor vehicle accident case and when he requested that the power of attorney be dissolved and the arrangement be terminated, the request was refused and a direct verbal threat was made to have him arrested.  He futher claims that one of the Defendants made a verbal racial epithet against him, contacted the Baltimore County Police Department, and made false statements/filed a false police complaint about the Plaintiff claiming that he had made a terrorist bomb threat to blow up the law office.  Plaintiff asserts that as a result of filing this false complaint, a public warrant was issued and he was arrested on November 17, 2011. He accuses Defendants of engaging in malicious prosecution without probable cause and he claims

---

          [1]      In the Complaint Plaintiff states that he is a resident of Baltimore City.  On the civil cover sheet and U.S. Marshall Service of Process form, however, he lists an Edgewood, Maryland address.  The conflict in residential address information is of no moment to the decision set out herein.

that all charges against him were dismissed.[2] He maintains that due to the false charges filed against him he lost his part-time employment and suffered humiliation and emotional and physical distress. He raises counts of: a violation of 42 U.S.C. § 1981(b) discrimination, malicious prosecution, libel, slander, intentional infliction of emotional distress, and negligent infliction of emotional distress. Plaintiff seeks compensatory and punitive damages. The Court finds that Plaintiff satisfies indigency requirements and his Motion for Leave to Proceed In Forma Pauperis shall be granted. The Complaint shall, however, be summarily dismissed.

Federal district courts are courts of limited original jurisdiction and they do not sit to review every discrimination, tort or contract claim. They do, however, have original jurisdiction over civil cases concerning a "federal question," that is, actions "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Plaintiff's allegations as articulated raise common law tort claims of defamation, infliction of emotional distress, and malicious prosecution. This Court has jurisdiction to review such claims only if diversity of citizenship jurisdiction exists. Diversity jurisdiction under 28 U.S.C. § 1332 exists where the parties are diverse *and* the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). The parties in this case are all from Maryland, and thus are not "diverse."

The only arguable jurisdictional basis for filing the Complaint here relates to Plaintiff's claim of a 42 U.S.C. § 1981(b) violation. To state a claim under § 1981, a plaintiff must show that: (1) he

---

[2] The state court criminal docket shows that Williams was charged with arson/threat on November 17, 2011 and that the charge was nolle prossed on August 17, 2012. *See State v. Williams*, Criminal Case No. 03K12000048 (Circuit Court for Baltimore County) *See*

is a member of a racial minority; (2) the defendants discriminated against him on the basis of his race; and (3) the discrimination impacted one or more of the activities protected by the statute. *See Garrett v. Tandy Corp.,* 295 F.3d 94, 98 (1st Cir. 2002). These include "the ability either to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship, by reason of a race-based animus." *Id.* at 100-101. The federal courts have found a broad variety of claims of contractual discrimination cognizable under § 1981. *See Patterson v. McLean Credit Union,* 491 U.S. 164, 210 (1989), *overruled on other grounds by* 42 U.S.C. § 1981(b).[3] Plaintiff's naked assertion of racial discrimination is based upon a single alleged incident of a racist comment made by a law firm employee who filed an alleged false police complaint. His claim stretches the factual boundaries to arrive at a justiciable cause of action under 1981(b). The jurisdictional support for filing such an action is conclusory at best. Because he has failed to establish grounds for district court jurisdiction, Plaintiff's Complaint shall be dismissed. A separate Order follows.

October 22, 2012    _____/S/_____
                                RICHARD D. BENNETT
                                UNITED STATES DISTRICT JUDGE

---

ttp://casesearch.courts.state.md.us/inquiry/inquiryDetail.

[3] 42 U.S.C. § 1981(b) was enacted as part of the Civil Rights Act of 1991 in order to overrule legislatively the Supreme Court's holding in *Patterson* to the effect that § 1981 applied "only to the formation of a contact" and not "to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions." *Patterson*, 491 U.S. at 176–77. *See generally CBOCS West, Inc. v. Humphries,* 553 U.S. 442, 449–51 (2008) (discussing post-*Patterson* enactment of § 1981(b)).